IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**DORIS SANTOS-BERRIOS, et al.,**

Plaintiffs,

v.

**FRANCISCO JOGLAR-PESQUERA, et al.,**

Defendants.

CIVIL NO. 14-1145 (PAD)

**MEMORANDUM AND ORDER**

Delgado Hernández, District Judge.

Plaintiffs – ten (10) former transitory or fixed-term employees of the Puerto Rico Department of Health ("PRDH") – initiated this action seeking redress under Federal and Puerto Rico law for discrimination in employment on account of their political affiliation to the New Progressive Party ("NPP") (Docket No. 1). Before the court is defendants' "Motion to Dismiss" (Docket No. 45), which plaintiffs' opposed (Docket No. 50). Defendants replied (Docket No. 53). For the reasons below, the motion is GRANTED IN PART AND DENIED IN PART.

**I.     BACKGROUND**

Doris Santos-Berrios, Richard Declet-Calderón, José Rodríguez-Fonseca, Jesús Rodríguez-Cabán, Sorgalim Ruiz-Villegas, Susan López-Sáenz, Gerardo Torres-Meléndez, Nilda Morales-Figueroa, Rachel Russo-Correa, and Samuel Montalvo-Loyola, worked at the PRDH's Office for Preparedness and Response Coordination on Public Health ("Biosecurity Office") (Docket No. 1 at ¶¶ 5-14).[1] The Biosecurity Office is a fairly small work place with about one hundred and twenty (120) employees at its highest peak. Id. at ¶ 53.

---

[1] On November 9, 2015 Morales-Figueroa filed a Motion requesting voluntary dismissal without prejudice of her claims (Docket No. 66). The request was granted (Docket No. 67) and Partial Judgment entered accordingly (Docket No. 68).

Case 3:14-cv-01145-PAD   Document 76   Filed 02/05/16   Page 2 of 8

Doris Santos-Berrios, *et al.*, v. Francisco Joglar-Pesquera, *et al.*,
Civil No. 14-1145 (PAD)
Memorandum and Order
Page 2

Following the November 2012 elections the Popular Democratic Party ("PDP") took control of Puerto Rico's Executive Branch and by extension, of the PRDH. Francisco Joglar-Pesquera was then confirmed as PRDH's Secretary. He appointed co-defendants Brenda Mirabal-Rodríguez, Beatriz Quiñones-Vallejo, Miriam Márquez and Jessica Cabrera-Márquez to the positions of Deputy Secretary, Communications Director, Special Aide to the Secretary, and Director of the Biosecurity Office, respectively. Id. at ¶¶ 17, 39-40. After defendants' appointments, some of plaintiffs' contracts were terminated and others not renewed, even though plaintiffs had never received negative evaluations on account of their work performance. Id. at ¶¶ 44-45. Plaintiffs were replaced by individuals affiliated to the PDP. Id. at ¶¶ 75-76, 78, 83, 99, 116, 130, 142, 156, 170, 184, 198, 214, and 228.

With this background, plaintiffs claim to have been discriminated and retaliated against because of their affiliation to the NPP and participation in political activities, in violation of the First Amendment, several sections of Article II of the Puerto Rico Constitution, P.R. CONST. Art. II, §§1, 2, 4, 6, and 7; and Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 §§ 5141, 5142 (Docket No. 1 at ¶¶ 231-240). In turn, defendants contend the case should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 12(b)(6) (Docket No. 45).

## II.   STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible entitlement to relief. Rodríguez-Vives v. Puerto Rico Firefighters Corps., 743 F.3d 278, 283 (1st Cir. 2014); Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013); Rodríguez-Ortiz v. Margo Caribe, 490 F.3d 92, 95 (1st Cir. 2007). Plausibility involves a context-specific task calling on courts to examine the complaint as a whole, in light most favorable to plaintiff,

Case 3:14-cv-01145-PAD   Document 76   Filed 02/05/16   Page 3 of 8

Doris Santos-Berrios, *et al.*, v. Francisco Joglar-Pesquera, *et al.*,
Civil No. 14-1145 (PAD)
Memorandum and Order
Page 3

separating factual allegations (which must be accepted as true) from conclusory allegations (which need not be credited). García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013); Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012). All reasonable inferences from well-pleaded facts must be drawn in the pleader's favor. Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 68 (1st Cir. 2014); García-Catalán, 734 F.3d at 102-103. If, so construed, the combined allegations plead facts enough to nudge the claim across the line from conceivable to plausible, the case should not be dismissed under Fed. R. Civ. P. 12(b)(6).

### III. DISCUSSION

#### A. First Amendment

Plaintiffs complain of discrimination and retaliation in violation of the First Amendment (Docket No. 1 at p. 44). The Supreme Court has identified a distinct category of First Amendment protection that precludes government officials from taking adverse actions against certain employees based on their political affiliation. Rutan v. Republican Party, 497 U.S. 62, 75 (1990); Branti v. Finkel, 445 U.S. 507, 516 (1976).

To make out a *prima facie* case of political discrimination, plaintiff must show that (1) plaintiff and defendant have opposing political affiliations; (2) defendant is aware of plaintiff's affiliation; (3) an adverse employment action occurred; and (4) political affiliation was a substantial or motivating factor for the adverse action. Torres-Santiago v. Municipality of Adjuntas, 693 F.3d 230, 236 (1st Cir. 2012); Peguero-Moronta v. Santiago, 464 F.3d 29, 48 (1st Cir. 2006). Defendants contend plaintiffs fall short of establishing a *prima facie* case of discrimination (Docket No. 45).

Viewed in light most favorable to plaintiffs, the allegations present the following picture: plaintiffs are affiliated with the NPP (Docket No. 1 at ¶¶ 5-9, 11-14, 161), whereas defendants are

affiliated with the PDP (Id. at ¶¶ 15-19). There was a strong political atmosphere within the PRDH, which at its highest peak had about 120 employees. Id. at ¶¶ 53-55, 61. Politics was commonly discussed. Plaintiffs participated in NPP-affiliated activities, of which Quiñones-Vallejo was aware. Id. at ¶¶ 56-57. At one point, she told one of the plaintiffs she knew that NPP-affiliated employees who worked at the Biosecurity Office were attending political activities, and that doing so could hurt them in the future. Id. at ¶ 57.

Quiñones-Vallejo, Márquez and Cabrera-Márquez prepared and distributed lists within the Biosecurity Office, identifying each of the employees' political affiliation. Id. at ¶¶ 64-66. Employees of defendants' trust were consulted by defendants to confirm plaintiffs' political affiliations. Id. at ¶ 58. Cabrera-Márquez acknowledged the existence of the list; and told plaintiffs that she had received instructions from her superiors – Joglar-Pesquera and Mirabal-Rodriguez – to hand termination letters to employees affiliated with the NPP. Id. at ¶¶ 68-71. A harassment campaign against plaintiff followed the elections. Id. at ¶¶ 60-63.[2]

Plaintiffs' contracts were terminated or not renewed. And plaintiffs were replaced by individuals affiliated with the PDP. In context, it is apparent the allegations put forward enough *prima facie* elements of political discrimination to survive a Rule 12(b)(6) challenge. See, Ocasio-Hernández v. Fortuno-Burset, 640 F.3d 1, 14-15, 17-18 (1st Cir. 2011)(reversing dismissal of political discrimination claims where, among other things, there was a politically-charged atmosphere; disparaging remarks were made about previous PDP administration; plaintiffs were asked about the circumstances of their hires; list of employees of trust was prepared; and plaintiffs

---

[2] The complaint states that plaintiffs heard comments like "now is the time when you all go to hell" ("*Ahora si que todos se van pa'l carajo*"); "I am going to see you all marching out the door" ("*Los voy a ver desfilando por la puerta*"). At another point, one of the plaintiffs allegedly found anonymous letters on his desk with phrases such as "you're screwed" ("*Te jodiste*"); "your time has come" ("*Te llegó la hora*"); and "we are going to knock your head off" ("*Te vamos a tumbar la cabeza*"). Id. at ¶¶ 62-63.

Case 3:14-cv-01145-PAD   Document 76   Filed 02/05/16   Page 5 of 8

Doris Santos-Berrios, *et al.*, v. Francisco Joglar-Pesquera, *et al.*,
Civil No. 14-1145 (PAD)
Memorandum and Order
Page 5

were replaced by opposing party members); Rodríguez-Ríos v. Cordero, 138 F.3d 22, 24 (1st Cir. 1998)(noting that highly charged political atmosphere coupled with defendants' knowledge of plaintiff's affiliation, the parties' competing political persuasions, and assignment of plaintiff's tasks to member of opposing party may be probative of discriminatory animus); Peguero-Moronta, 464 F.3d at 46, 48 (ruling for plaintiffs in part because political affiliation was common office knowledge in small workplace where everyone knew who everyone else was; a defendant made comments to the effect that he was under political pressure for leaving too many opposing party members in cushy positions; defendants made statements indicating that demotion was politically motivated; and the vacated positions were filled with supporters of defendants' political affiliation). Therefore, defendant's request that the First Amendment discrimination claims be dismissed must be DENIED.[3]

### B. Eleventh Amendment Immunity

Defendants allege that the Eleventh Amendment bars plaintiffs' request for monetary relief against Joglar-Pesquera, Mirabal-Rodríguez, and Cabrera-Márquez (Docket No. 45 at pp. 18-20). In their opposition, plaintiffs concede they are not seeking monetary damages from the PRDH or any of its employees in their official capacities, but rather injunctive relief (Docket No. 50 at p. 26). To that extent, defendants' request is MOOT.

### C. Remaining Federal Claims

Defendants ask that any conspiracy claim brought under 42 U.S.C. § 1983 be dismissed (Docket No. 45 at pp. 17-18). Plaintiffs clarify they have not brought any such claim (Docket No.

---

[3] Plaintiffs complain of discrimination and retaliation on account of affiliation and participation in political activities, but do not attempt to present each of those categories as separate causes of action defined by different constituent elements. For that reason, the court has evaluated the sufficiency of the allegations against the elements necessary to configure a case of political discrimination under the First Amendment.

Case 3:14-cv-01145-PAD   Document 76   Filed 02/05/16   Page 6 of 8

Doris Santos-Berrios, *et al.*, v. Francisco Joglar-Pesquera, *et al.*,
Civil No. 14-1145 (PAD)
Memorandum and Order
Page 6

50 at p. 26). On that basis, defendants' request is MOOT. Similarly, defendants seek dismissal of plaintiffs' "free-speech retaliation" action (Docket No. 45 at pp. 16-17). Because plaintiffs admit they are not pursuing that type of action (Docket No. 50 at p. 26), defendants' request is MOOT.

### D. Puerto Rico Claims

First, defendants seek dismissal of claims predicated on the Puerto Rico Constitution, relying on the same arguments they used in support of their request for dismissal of the First Amendment claims (Docket No. 45 at p. 20). Insofar as plaintiffs plausibly pled a colorable claim in connection with the First Amendment, the request must be DENIED.

Second, defendants state that Article 1802 of the Puerto Rico Civil Code does not support liability here (Docket No. 45 at pp. 20-21). Article 1802 – Puerto Rico's general tort statute – provides that a person who by an act or omission causes damages to another through fault or negligence shall repair the damage so done. See, P.R. Laws Ann. tit. 31 § 5141. To the extent a specific labor or employment statute covers the conduct for which a plaintiff seeks damages under Article 1802, she is barred from relying on the same conduct to support a claim thereunder. See, Santana-Colón v. Houghton Mifflin Harcout Pub. Co., 81 F.Supp.3d 129, 140-141 (D.P.R. 2014)(so recognizing).

Defendants argue that dismissal of the Article 1802 claims is appropriate because political discrimination is covered by Puerto Rico Law No. 100 of June 30, 1959, P.R. Laws Ann. tit. 29 § 146, et seq. (Docket No. 45 at pp. 20-21). Law 100 makes it unlawful for an employer to discriminate against an employee because of, *inter alia*, the employee's political affiliation. Id. Law 100's definition of employer, however, specifically excludes government agencies from coverage unless they operate as a private business or enterprise. See, P.R. Laws Ann. tit. 29 § 151(2); Torres-Santiago v. Alcaraz-Emmanuelli, 553 F.Supp.2d 75, 86 (D.P.R. 2008)(dismissing

Law 100 claims against the Department of Transportation and Public Works and one of its employees sued in his official capacity). Thus, it has no application here. There being no labor or employment legislation covering the conduct that plaintiffs complain of, the request to dismiss claims under Article 1802 must be DENIED.

Finally, defendants take issue with plaintiffs' claims under Article 1803 of the Puerto Rico Civil Code (Docket No. 45 at pp. 21-22). Article 1803 applies the principle of *respondeat* superior to actions brought pursuant to Article 1802. Pagán-Cólon v. Walgreens of San Patricio, Inc., 697 F.3d 1, 16 (1st Cir. 2012). In that sense, it makes a party liable for damages proximately caused by the acts or omissions of others. See, Burgos-Oquendo v. Caribbean Gulf Refining Corp., 741 F.Supp. 330, 332-333 (D.P.R. 1990)(so noting)(citing Vélez v. Llavina, 18 D.P.R. 656 (1912)).

For coverage, Article 1803 it includes a list of instances permitting what has been described as third party liability.[4] The doctrine unanimously deems the enumeration limitative. See, Torres-Pérez v. Medina-Torres, 113 D.P.R. 72, 76 (1982)(so noting). A purview of the instances numbered in the article confirms they are beyond the scope of defendants' profile, as that profile has been described in the allegations in this case. On that basis, the Article 1803 claims must be DISMISSED.

### IV.   CONCLUSION

In view of the foregoing, defendants' "Motion to Dismiss" (Docket No. 18) is GRANTED IN PART AND DENIED IN PART. Claims brought under Article 1803 of Puerto Rico Civil Code

---

[4] According to Article 1803, (1) parents are liable for the minor children living with them; (2) guardians are liable for the minors or incapacitated persons who are under their authority and live with them; (3) owners or directors of an establishment or enterprise are liable for their employees in the service of the branches in which the latter are employed or on account of their duties; (4) masters or directors of arts and trades are liable for their pupils or apprentices while under their custody; and (5) the Commonwealth of Puerto Rico is vicariously liable under the same circumstances and conditions as those under which a private citizen would be liable. P.R. Laws Ann. tit. 31 § 5142.

are DISMISSED.  The STAY issued at Docket No. 75 is lifted.  The following deadlines shall govern the remaining course of this litigation:

- Conclusion of discovery: April 5, 2016.

- Deadline to file motion(s) for summary judgment: May 5, 2016.

- Opposition(s) to motion(s) for summary judgment: June 6, 2016.

**SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of February, 2016.

S/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge
