IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DORIS SANTOS-BERRIOS, et al.,

Plaintiffs,

v.

CIVIL NO. 14-1145 (PAD)

FRANCISCO JOGLAR-PESQUERA, et al.,

Defendants.

MEMORANDUM AND ORDER

Delgado Hernández, District Judge.

On February 21, 2014, plaintiffs initiated this action against various defendants, including Beatriz Quiñones-Vallejo and Miriam Márquez, for discrimination on account of their political affiliation (Docket No. 1).[1] Before the court is Quiñones-Vallejo and Miriam Márquez' "Motion to Set Aside Default Entries at Docket 36 & 37" (Docket No. 61), which plaintiffs' opposed (Docket No. 65). For the reasons below, the motion is GRANTED.

## I.    BACKGROUND

On September 8, 2014, plaintiffs filed a motion for service by publication as to codefendants Quiñones-Vallejo and Márquez (Docket No. 23). On September 12, 2014, the court granted the request (Docket No. 29). On September 23, 2014 the Clerk issued summonses by publication (Docket No. 31). Plaintiffs certified that the corresponding summonses had been published in a newspaper of general circulation on October 1, 2014, such that Quiñones-Vallejo and Márquez had until October 31, 2014 to answer or otherwise plead (Docket No. 32). Because they failed to do so, on December 24, 2014, plaintiffs moved for the entry of default against them

---

[1] For a more detailed factual and procedural background of this litigation see, Docket No. 76.

Case 3:14-cv-01145-PAD   Document 77   Filed 02/05/16   Page 2 of 5

Doris Santos-Berrios, *et al.*, v. Francisco Joglar-Pesquera, *et al.*,
Civil No. 14-1145 (PAD)
Memorandum and Order
Page 2

(Docket No. 34). That request was granted on March 11, 2015 (Docket No. 36), and the Clerk entered default accordingly (Docket No. 37). Codefendants now move to set aside those defaults.

## II.     DISCUSSION

Pursuant to Fed. R. Civ. P. 55(c), a court may set aside an entry of default for good cause when no judgment has been entered against the party in default. United States v. $23,000 in U.S. Currency, 356 F.3d 157, 164 (1st Cir. 2004); Coon v. Grenier, 867 F.2d 73, 75 (1st Cir. 1989). The burden of demonstrating good cause lies with the party seeking to set aside the default. Indigo America v. Big Impressions, LLC, 597 F.3d 1, 3 (1st Cir. 2010). This standard is to be applied liberally. $23,000 in U.S. Currency, 356 F.3d at 164.

Traditional factors considered in determining whether good cause has been shown include (1) whether the default was willful, (2) whether setting the default aside would prejudice the adversary, and (3) whether a meritorious claim has been presented. Indigo America, 597 F.3d at 3; 23,000 in U.S. Currency, 356 F.3d at 165. These factors are not exclusive. Instead, they are to be regarded as means to identify good cause, and must be considered in light of the strong public policy favoring disposition of claims on the merits. Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales, Inc., 346 F.3d 552, 563 (5th Cir. 2003); Coon, 867 F.2d at 76. Measured against these standards, entry of default should be set aside.

First, even though Quiñones-Vallejo's and Márquez' reasons for their delayed appearance, to wit, lack of direct personal knowledge of the complaint's allegations as a result of not being personally served with summons, seem to thread on thin ice, the court cannot conclude they are willful to the point of precluding a remedy under Rule 55(c). There was oversight, but not simple inaction. Compare, The General Contracting & Trading Co., v. Interpole v. Transamerica Steamship Corporation, 899 F.2d 109, 112 (1st Cir. 1990)(entry of default where defendant did

Case 3:14-cv-01145-PAD   Document 77   Filed 02/05/16   Page 3 of 5

Doris Santos-Berrios, *et al.*, v. Francisco Joglar-Pesquera, *et al.*,
Civil No. 14-1145 (PAD)
Memorandum and Order
Page 3

nothing once it was served; its vice-president simply misplaced the papers), *with* Passarella v. Hilton International, 810 F.3d 674, 677-678 (7th Cir. 1987)(noting in vacating default that even though defendant should have been more careful in monitoring the progress of the complaint, it did not mean the defendant acted willfully). Also missing is an indication of bad faith.

Second, after Quiñones-Vallejo and Márquez sought and received legal representation under Puerto Rico Law No. 9 of November 26, 1977, P.R. Laws Ann. tit. 32 § 3085 et seq., they moved to vacate the default entered at Docket No. 37. And they were forthcoming about the reasons for their delay in making an appearance. Compare with, KPS & Associates v. Designs, 318 F.3d 1, 14-15 (1st Cir. 2003)(defendant fabricated explanation for the delay and acted with bad faith; its representations were duplicitous, inconsistent, and implausible). Because the entry of default is a clerical act and not a final judgment, doubts are resolved in favor of Quiñones-Vallejo and Márquez, the movants seeking relief from the entry of default. Coon, 867 F.2d at 76.

Third, setting aside the default will not prejudice plaintiffs, inasmuch as requiring a party to litigate the action does not amount to such. See, United States v. One Parcel of Real Property, 763 F.2d 181, 183 (5th Cir. 1985)(so noting); Coon, 867 F.2d at 76 (same). Similarly, delay in itself does not constitute prejudice. Indigo America, 597 F.3d at 3. Rather, prejudice derives from dangers accompanying delay such as loss of evidence, thwarted discovery, enhanced opportunity for fraud or collusion, or material impairment in the ability to litigate. See, FDIC v. Francisco Investment Corporation, 873 F.2d 474, 479 (1st Cir. 1989)(so recognizing); Viera v. Suiza Dairy, 206 F.R.D. 338, 341 (D.P.R. 2002)(same). The record here does not show, and plaintiffs have not shown, that to date any evidence has been lost, fraud has been committed, collusion tainted the process, or circumstances changed such that their ability to litigate their claims became impaired in some material way. On the contrary, discovery is ongoing after having been stayed. And more

Case 3:14-cv-01145-PAD   Document 77   Filed 02/05/16   Page 4 of 5

Doris Santos-Berrios, *et al.*, v. Francisco Joglar-Pesquera, *et al.*,
Civil No. 14-1145 (PAD)
Memorandum and Order
Page 4

than a month remains for the parties to conclude discovery (Docket Nos. 75 and 76). Given these circumstances, it is apparent that the timing of Quiñones-Vallejo and Márquez' motion to set aside the default will not substantially interfere with plaintiffs' litigation effort.[2]

Finally, Quiñones-Vallejo and Márquez may have meritorious defenses. To that extent, the other defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), challenging the sufficiency of plaintiffs' allegations under various theories of recovery (Docket No. 45). Even though the court denied the dismissal request after finding the allegations sufficient – at this stage – to withstand dismissal as to most of the claims (Docket No. 76), defendants may raise those arguments again at the summary judgment stage. In the end, it is unclear whether summary judgment motions will be filed, and if so filed, how any such motion will be ruled on. In context, however, a persuasive showing has been made that entry of default should be set aside here.

### III.   CONCLUSION

In light of the foregoing, Quiñones-Vallejo and Miriam Márquez' "Motion to Set Aside Default Entries at Docket 36 & 37" (Docket No. 61) is GRANTED and the default entered against them VACATED. Quiñones-Vallejo and Miriam Márquez shall answer not later than February 19, 2016. Considering the Memorandum and Order at Docket No. 76 and the Case Management Order at Docket No. 41, no motion to dismiss under Rule 12(b)(6) or 12(c) will be entertained in the event it is filed in lieu of an answer.

---

[2] Compare with Viera, 206 F.R.D. at 341 (lifting default would cause substantial prejudice to plaintiff and interfere with his effort to litigate the case where, by the time defendant entered its appearance, the court had conducted a two-day bench trial with several witnesses in an effort to assess plaintiff's damages; plaintiff presented evidence as to his alleged damages; plaintiff's treating physician testified at length; physician would be relocating outside Puerto Rico; and court was in the process of making a determination based on the hearing); *and* KPS & Associates, 318 F.3d at 14-15 (by the time court denied defendant's motion to set aside the default, it had conducted two motion hearings and one pretrial conference; had received numerous written communication from counsel; and had taken several motions with supporting materials under advisement). The absence of prejudice favors setting aside entry of default.

    **SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of February, 2016.

                                              <u>S/Pedro A. Delgado-Hernández</u>
                                              PEDRO A. DELGADO-HERNÁNDEZ
                                              United States District Judge